

**Ex. A**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF MONROE**
--------------------------------------------------------------------x
GREGORY MOYNIHAN and COLLEEN MOYNIHAN,

                              Plaintiff/Petitioner,

           - against -                                        Index No. E2024018725
HOME DEPOT U.S.A., INC.

                              Defendant/Respondent.
--------------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Consensual Case)**
**(Uniform Rule § 202.5-b)**

**You have received this Notice because:**

> 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and
>
> 2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

  If you choose to participate in e-filing, you **must** have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the Internet, and an e-mail address to receive service of documents.

  The benefits of participating in e-filing include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

  **To register for e-filing or for more information about how e-filing works:**

- visit:  http://www.nycourts.gov/efile-unrepresented  or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: November 5, 2024

Michael J. Masino
          **Name**
HARRIS BEACH PLLC

          **Firm Name**

99 Garnsey Road
          **Address**

Pittsford, New York 14534

(585) 419-8624
          **Phone**

mmasino@harrisbeach.com
          **E-Mail**

To: Home Depot U.S.A., Inc.

c/o Corporation Services Company

80 State Street, Albany, NY 12207

6/6/18

Index  #                              Page 2 of 2                              EF-3

FILED: MONROE COUNTY CLERK 11/05/2024 12:47 PM    INDEX NO. E2024018725

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 11/05/2024

MONROE COUNTY CLERK'S OFFICE             THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 4086600

Book    Page    CIVIL

Return To:                                No. Pages:  6
MICHAEL J. MASINO
99 Garnsey Road                           Instrument: EFILING INDEX NUMBER
Pittsford, NY 14534
                                          Control #:        202411060881
                                          Index #:          E2024018725

                                          Date: 11/06/2024

Moynihan, Gregory                         Time: 10:52:36 AM
Moynihan, Colleen


Home Depot U.S.A., Inc.


| | | |
|---|---|---|
| State Fee Index Number | $165.00 | |
| County Fee Index Number | $26.00 | |
| State Fee Cultural Education | $14.25 | |
| State Fee Records Management | $4.75 | Employee: CW |
| Total Fees Paid: | $210.00 | |


State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

JAMIE ROMEO

MONROE COUNTY CLERK



**Ex. A**

FILED: MONROE COUNTY CLERK 11/05/2024 12:47 PM    CI 2024018725 E2024018725

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 11/05/2024

STATE OF NEW YORK
SUPREME COURT          COUNTY OF MONROE

---

GREGORY MOYNIHAN and COLLEEN MOYNIHAN,

                 Plaintiffs,

    -vs.-

HOME DEPOT U.S.A., Inc.,

                 Defendant.

---

Plaintiffs designate
County of Monroe as the
place of trial.

**SUMMONS**

Index No. E2024018725

The basis of venue is
Plaintiffs' principal place
of residence.

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer on Plaintiffs' attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the County of Monroe); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: November 5, 2024
      Pittsford, New York

                               HARRIS BEACH PLLC

By:       *[signature]*
                               Michael J. Masino
                               Attorneys for Plaintiffs
                               99 Garnsey Road
                               Pittsford, New York 14534
                               (585) 419-8800

TO:    Home Depot U.S.A., Inc.
        c/o Corporation Services Company
        80 State Street
        Albany, New York 12207

421670\4859-6053-2982\.v1

-1-

FILED: MONROE COUNTY CLERK 11/05/2024 12:47 PM    Ex. A    INDEX NO. E2024018725

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 11/05/2024

STATE OF NEW YORK
SUPREME COURT        COUNTY OF MONROE

---

GREGORY MOYNIHAN and COLLEEN MOYNIHAN,

<table>
<tr><td>Plaintiffs,</td><td>**COMPLAINT**</td></tr>
<tr><td>-vs.-</td><td>Index No.</td></tr>
<tr><td>HOME DEPOT U.S.A., Inc.,</td><td></td></tr>
<tr><td>Defendant.</td><td></td></tr>
</table>

---

Plaintiffs, Gregory Moynihan and Colleen Moynihan, by their attorneys, Harris Beach PLLC, as and for their Complaint against the Defendant, alleges as follows:

1.    At all times hereinafter mentioned, Plaintiffs were and still are residents of the County of Monroe, State of New York with a residence address of 42 Larchwood Drive, Pittsford, New York 14534.

2.    Upon information and belief, at all times hereinafter mentioned, Defendant Home Depot U.S.A, Inc. was and still is a foreign business corporation duly formed and existing under and by virtue of the laws of the State of Delaware.

3.    Upon information and belief, at all times hereinafter mentioned, Defendant Home Depot U.S.A, Inc. was and still is authorized to do business in the State of New York.

4.    Upon information and belief, at all times hereinafter mentioned, Defendant operated a store called The Home Depot located at 7600 Commons Boulevard in Victor, New York ("the Home Depot store").

-1-

FILED: MONROE COUNTY CLERK 11/05/2024 12:47 PM    CI E2024018725
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 11/05/2024

## FIRST CAUSE OF ACTION

5.    On or about August 6, 2022, Plaintiffs' next door neighbor rented a 50' 2017 JLG T500J portable Trailer Lift ("the Lift") from the Home Depot store to use for removing and trimming trees at his own property and at Plaintiffs' property.

6.    Upon information and belief, the sales associate at the Home Depot store had very little knowledge or information regarding the Lift that was being rented by a customer and/or its proper use.

7.    Upon information and belief, the sales associate at the Home Depot store upon renting the Lift to a customer did not provide any instruction or training with regard to the safe and proper operation of the Lift.

8.    Upon information and belief, the Lift had a manually operated park brake that consisted of a lever and cable system that would lock the brake shoes against the wheel drum when activated.

9.    After using the Lift on August 6, 2022 to remove a tree on Plaintiffs' next door neighbor's property, the Lift was parked overnight on Plaintiffs' sloped driveway, partially on their driveway and partially on their grass, with the lever to the park brake in the on position to engage the park brake.

10.    On the following day, August 7, 2022, Plaintiff Gregory Moynihan began the process of preparing the Lift to be used again for the purpose of trimming trees on his property, and in furtherance of that process pushed the button on the Lift to raise the legs of the lift and simultaneously lower the tires to the ground.

11.    Upon the wheels of the Lift being lowered to the ground, the park brake failed and the Lift began rolling down the driveway toward Plaintiffs' motor vehicle.

-2-

FILED: MONROE COUNTY CLERK 11/05/2024 12:47 PM    CI2024018725 E2024018725

NYSCEF DOC. NO. 1                                                                RECEIVED NYSCEF: 11/05/2024

12.    As Plaintiff Gregory Moynihan instinctively attempted to stop the Lift from rolling toward and colliding with his motor vehicle, his left hand became pinned between a portion of the Lift and his motor vehicle, causing him to sustain significant injuries primarily consisting of a left hand crush injury.

13.    Upon information and belief, the Lift began rolling toward Plaintiffs' motor vehicle because the park brake was out of adjustment and the braking system on the Lift required servicing.

14.    This incident and the resulting severe personal injuries sustained by Plaintiff Gregory Moynihan were caused by the negligence of the Defendant, its officers, agents, servants, representatives and/or employees, without any comparative negligence on the part of Plaintiff Gregory Moynihan contributing thereto.

15.    The negligence of the Defendant, its officers, agents, servants, representatives and/or employees consisted of, but is not limited to, the following: failing to provide proper training and/or instruction regarding the proper use of the Lift and its controls upon renting it to a customer; failing to instruct its customer to keep the Lift on a flat surface when it was not in use; failing to properly inspect the Lift; failing to properly service the lift; creating a dangerous condition for Plaintiffs by renting out a Lift with a park brake that was out of adjustment and a braking system which required servicing; failing to properly remedy a dangerous condition associated with the Lift prior to renting it out to a customer; failing to provide proper warnings regarding the use of the Lift and any potential dangerous condition associated with the Lift; failing to use due care and caution in renting out the Lift to a customer to prevent the incident which is the subject of this lawsuit from occurring; and otherwise being negligent and careless which resulted in the happening of the incident which is the subject of this lawsuit.

-3-

FILED: MONROE COUNTY CLERK 11/05/2024 12:47 PM          CI 2024018725 E2024018725

NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 11/05/2024

16.     Based on the foregoing, Plaintiffs have been damaged in an amount which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

<u>SECOND CAUSE OF ACTION</u>

17.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "16" with the same force and effect as if fully set forth herein.

18.     At all times mentioned, Plaintiff Colleen Moynihan was and still is the lawful wife of Plaintiff Gregory Moynihan, and she resided and currently resides with him as his spouse.

19.     As a result of the incident which is the subject of this lawsuit, Plaintiff Colleen Moynihan has been deprived of the society, services, comfort, care and consortium of her husband and was otherwise injured and damaged.

20.     Based on the foregoing, Plaintiffs have been damaged in an amount which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiffs Gregory Moynihan and Colleen Moynihan demand judgment against Home Depot U.S.A., Inc. in an amount which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction, together with the costs and disbursements of this action and such other and further relief as this Court deems just and proper.

Dated: November 5, 2024
       Pittsford, New York

                                        HARRIS BEACH PLLC


                              By:       _____
                                        Michael J. Masino
                                        Attorneys for Plaintiffs
                                        99 Garnsey Road
                                        Pittsford, New York 14534
                                        (585) 419-8800

421670\4895-6363-6726\.v1

-4-